KC **FILED**
OCT 1 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE VENSON, KAABAR VENSON, IBN VENSON, and NATHANIEL HOUSTON<br><br>Plaintiffs,<br><br>vs.<br><br>B.K. Scanlan, Star No. 8383, J.M. Cano, Star No. 16266, S.I. Katich, Star No. 19667, Sgt. Woznicki, Star No. 1724, Individually UNKNOWN AND UNNAMED CHICAGO POLICE OFFICERS, Individually; City of Chicago,<br><br>Defendants. | ) <br>)<br>)<br>) 07CV5919<br>) JUDGE KENDALL<br>) MAGISTRATE JUDGE BROWN<br>)<br>) COMPLAINT FOR<br>) VIOLATION OF<br>) CIVIL RIGHTS<br>)<br>) **JURY DEMANDED**<br>)<br>)<br>) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, plaintiff YVONNE VENSON ("YVONNE") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4. At all times herein mentioned, plaintiff KAABAR VENSON ("KAABAR") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

5. At all times herein mentioned, plaintiff IBN VENSON ("IBN") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

6. At all times herein mentioned, plaintiff NATHANIEL HOUSTON ("HOUSTON") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

7. At all times herein mentioned Defendants B K Scanlan ("Scanlan") star no. 8383; J M Cano ("Cano"), star no. 16266; S I Katich ("Katich") star no. 19667 and Sergeant Woznicki ("Woznicki") star no. 1724, were members of the Chicago Police Department, and in doing the things alleged below, were acting under of state law, and as the employees, agents or representatives of the City of Chicago. These Defendants are being sued in their individual/personal capacities.

8. At all times herein mentioned UNKNOWN AND UNNAMED CHICAGO POLICE OFFICERS ("UNNAMED OFFICERS") were members of the City of Chicago Police Department, and in doing all the things alleged below, were acting under color of state of law and as the employees, agents or representatives of the City of Chicago. These defendants are being sued in their individual/personal capacity.

9. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

**IBN VENSON**

10. On or about March 23, 2007 Plaintiff Ibn was in the vicinity of Jenner Elementary School at 1119 N. Cleveland, Chicago, Il. 60610. The individual defendants, including the unnamed and/or unknown defendants were also located at that place on the above date.

11. The unnamed or unknown defendants struck Ibn, and also threw him to the ground and tasered him.

12. Thereafter, Ibn was arrested and placed in a police car.

13. Ibn was then falsely charged with crimes and prosecuted.

14. All of the above acts directed toward Ibn were unnecessary, unreasonable and done without probable or other legal cause.

15. The criminal prosecution of Ibn was later terminated in his favor.

**YVONNE VENSON**

16. Shortly after Ibn was arrested, Plaintiff Yvonne (Ibn's mother) arrived at the scene and inquired of one of the unnamed or unknown officers of what was occurring.

17. This officer then unreasonably struck Yvonne.

18. Yvonne was then arrested without legal cause.

19. Yvonne was then falsely charged with crimes and prosecuted.

3

20. All of the above acts directed toward Yvonne were unnecessary, unreasonable and done without probable or other legal cause.

21. The criminal prosecution of Yvonne was later terminated in her favor.

**KAABAR VENSON**

22. After the unnamed or unknown officer struck Yvonne Plaintiff Kaabar (Yvonne's son) came to her side. Thereafter, Defendant Woznicki used unreasonable force on Kaabar and pushed him into a police van. Woznicki handcuffed, arrested and used unreasonable force on Kaabar.

23. Kaabar was falsely charged with crimes and prosecuted.

24. All of the above acts directed toward Kaabar were unnecessary, unreasonable and done without probable or other legal cause.

25. The criminal prosecution of Kaabar was later terminated in his favor.

**NATHANIEL HOUSTON**

26. Plaintiff Houston (a relative of Yvonne) had also arrived to the scene where Yvonne was arrested.

27. At this time and place, defendants Scanlan, Cano and Katich used unreasonable force about Houston, handcuffed and arrested him without any legal case.

28. Houston was falsely charged with crimes and prosecuted.

29. All of the above acts directed toward Houston were unnecessary, unreasonable and done without probable or other legal cause.

30. The criminal prosecution of Houston was later terminated in his favor.

**ALL PLAINTIFFS**

31. By reason of the above-described acts and omissions of Defendants, Plaintiffs and each of them sustained injuries including, but not limited to, bruises and abrasions, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

33. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

34. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

**COUNT I**
**All Plaintiffs Against All Known and Unnamed and Unknown Individual Defendants for Excessive Force**

35. Plaintiffs hereby incorporate and reallege Paragraphs one (1) through thirty (34) hereat as though fully set forth at this place.

36. By reason of defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

5

37. The violence inflicted upon plaintiffs was unnecessary and unreasonable and was therefore in violation of plaintiffs' Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore, Defendants and each of them are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II

**All Plaintiffs Against All Individual Known and Unnamed and Unnamed Defendants for Unlawful Seizure**

38. Plaintiffs hereby incorporate and reallege Paragraphs one (1) through thirty (34) hereat as though fully set forth at this place.

39. By reason of defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

40. The arbitrary intrusion by Defendants, into the security and privacy of plaintiffs' persons was in violation of plaintiffs' Fourth Amendment Rights. The Defendants detention and arrests of each Plaintiff was without legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of plaintiffs' rights. Therefore, Defendants and each of them are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

**All Plaintiffs against Both Individual Known and Unknown and Unnamed Defendants and The City of Chicago for the Supplemental State Law Claim of Malicious Prosecution**

6

41. Plaintiffs hereby incorporate and reallege Paragraphs one (1) through thirty (34) hereat as though fully set forth at this place.

42. The individual defendants acted intentionally, and willfully and wantonly in maliciously commencing and causing to be continued a criminal action against each Plaintiff without probable cause for the institution of these proceedings.

43. The Plaintiffs were injured as a result of the malicious prosecution.

44. The criminal charges against all Plaintiffs were terminated favorably for each Plaintiff within one year of the filing of this complaint.

45. The City of Chicago, pursuant to the principle of *respondeat superior*, is liable for the acts set forth above.

WHEREFORE, the Plaintiffs, IBN VENSON, NATHANIEL HOUSTON, YVONNE VENSON, and KAABAR VENSON, by and through their attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That the Defendants be required to pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

Dated: October 18, 2007

                                              Edward M. Fox


PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

                                              Edward M. Fox


ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877