**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YVONNE VENSON, individually, and ABDULLAH VENSON as father and Guardian of KAABAR VENSON, a minor, | ) ) ) |
| | ) Case No. 07 C 5919 |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) THIRD AMENDED |
| Sgt. Woznicki, Star No. 1724, T. Van Dorp, Star No. 12148, S. Balcerzak, Star No. 11133, and UNKNOWN AND UNNAMED CHICAGO POLICE OFFICERS, Individually; and City of Chicago | ) COMPLAINT FOR ) VIOLATION OF ) CIVIL RIGHTS ) ) |
| | ) **JUDGE KENDALL** |
| | ) |
| Defendants. | ) JURY DEMANDED |

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.      At all times herein mentioned, plaintiff YVONNE VENSON ("YVONNE") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4.      ABDULLAH VENSON, is the father and guardian of KAABAR VENSON, a minor and he is suing on behalf of KAABAR VENSON.

5.      At all times herein mentioned, plaintiff KAABAR VENSON ("KAABAR") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.  KAABAR is a minor born on December 31, 1993.

6.      At all times herein mentioned Defendant Sergeant Woznicki ("Woznicki") star no. 1724, was a member of the Chicago Police Department, and in doing the things alleged below, was acting under of state law, and as the employee, agent or representative of the City of Chicago.  This Defendants is being sued in their individual/personal capacity.

7.      At all times herein mentioned Defendant T. Van Dorp ("Van Dorp") star no. 12148, was a member of the Chicago Police Department, and in doing the things alleged below, was acting under of state law, and as the employee, agent or representative of the City of Chicago.  This Defendants is being sued in their individual/personal capacity.

8.      At all times herein mentioned Defendant S. Balcerzak ("Balcerzak") star no. 11133, was a member of the Chicago Police Department, and in doing the things alleged below, was acting under of state law, and as the employee, agent or representative of the City of Chicago.  This Defendants is being sued in their individual/personal capacity.

9.      At all times herein mentioned UNKNOWN AND UNNAMED CHICAGO POLICE OFFICERS ("unknown officers") were members of the City of Chicago Police Department, and in doing all the things alleged below, were acting under color of state of law and as the employees, agents or representatives of the City of Chicago.  These defendants are being sued in their individual/personal capacity.

10.     At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

**YVONNE VENSON**

11.  On or about March 23, 2007, in the vicinity of Jenner Elementary School at 1119 N. Cleveland, Chicago, Illinois, Plaintiff YVONNE VENSON asked defendant Woznicki and/or unknown officers about and incident that had  occurred that involved a family member.

12. Officer Woznicki and/or unknown officers then struck YVONNE VENSON.

13. YVONNE VENSON had not engaged in any actions that required any police officers to use any physical force against her.

14. YVONNE VENSON was then arrested.

15. YVONNE VENSON had not engaged in any criminal acts prior to arrest and the defendants did not have any information that could have led the arresting officers to believe that she had engaged in any criminal acts.

16.     Defendant Woznicki charged YVONNE VENSON with the crime of disorderly conduct.

17.     All of the above acts directed toward YVONNE VENSON were unnecessary, unreasonable and done without probable or other legal cause.

3

18.　　The criminal prosecution of YVONNE VENSON was later terminated in her favor.

**KAABAR VENSON**

19.　　After Woznicki and/or unknown officers struck YVONNE VENSON Plaintiff KAABAR VENSON came to her side. Thereafter, Defendants Woznicki, Van Dorp, Balcerzak, and/or unknown officers used unreasonable force on KAABAR VENSON and pushed him into a police van. Defendants Woznicki, Van Dorp, Balcerzak, and/or unknown officers handcuffed, arrested and used unreasonable force on KAABAR VENSON.

20.　　KAABAR VENSON had not engaged in any criminal acts prior to his Arrest and the defendants did not have any information that could have led the arresting officers to believe that he had engaged in any criminal acts.

21.　　KAABAR VENSON had not engaged in any actions that required any police officers to use any physical force against him.

22.　　Defendants charged KAABAR VENSON with the crime of mob action. However KAABAR VENSON had not committed the crime of mob action and defendants were not in possession of any information that could have led them to believe that KAABAR VENSON had committed the crime of mob action.

23.　　All of the above acts directed toward KAABAR were unnecessary, unreasonable and done without probable or other legal cause.

24.　　The criminal prosecution of KAABAR was later terminated in his favor.

4

By reason of the above-described acts and omissions of Defendants, Plaintiffs and each

of them sustained injuries including, but not limited to, bruises and abrasions, humiliation

and indignities, and suffered great physical, mental, and emotional pain and suffering all

to their damage in an amount to be ascertained.

25.     The aforementioned acts of Defendants were willful, wanton, malicious,

oppressive, and done with reckless indifference to and/or callous disregard for Plaintiffs'

rights and justify the awarding of exemplary and punitive damages in an amount to be

ascertained according to proof at the time of trial.

26.     By reason of the above-described acts and omissions of Defendants,

Plaintiffs were required to retain an attorney to institute, prosecute and render legal

assistance to them in the within action so that they might vindicate the loss and

impairment of their rights.  By reason thereof, Plaintiffs request payment by Defendants,

and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section

1988, the Equal Access to Justice Act, or any other provision set by law.


**COUNT I**
**Plaintiff Kabaar Venson Against Van Dorp, Balcerzak, Woznicki, and Unknown**
**Officers for Excessive Force**


27.     Plaintiff hereby incorporates and realleges Paragraphs one (1) through

twenty-six (26) hereat as though fully set forth at this place.

28.     By reason of defendants' conduct, plaintiff was deprived of rights,

privileges and immunities secured to him by the Fourth Amendment to the Constitution

of the United States and laws enacted thereunder.

29.     The violence inflicted upon plaintiff was unnecessary and unreasonable and was therefore in violation of plaintiff's Fourth Amendment Rights.  Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force.  Therefore, Defendants and each of them are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Yvonne Venson Against Woznicki, and Unknown Officers for Excessive Force

30.     Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

31.     By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

32.     The violence inflicted upon plaintiff was unnecessary and unreasonable and was therefore in violation of plaintiff's Fourth Amendment Rights.  Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force.  Therefore, Defendants and each of them are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

### Plaintiff Kabaar Venson Against Van Dorp, Balcerzak, Woznicki, and Unknown Officer for Unlawful Seizure

33.     Plaintiffs hereby incorporate and reallege Paragraphs one (1) through

twenty-six (26) hereat as though fully set forth at this place.

34.     By reason of defendants' conduct, plaintiff was deprived of rights,

privileges and immunities secured to him by the Fourth Amendment to the Constitution

of the United States and laws enacted thereunder.

35.     The arbitrary intrusion by Defendants, into the security and privacy of

plaintiff's person was in violation of plaintiff's Fourth Amendment Rights. The

Defendants detention and arrests of Plaintiff was without legal cause.  The foregoing was

unnecessary, unreasonable and excessive, and was therefore in violation of plaintiff's

rights. Therefore, Defendants and each of them are liable to plaintiff pursuant to 42

U.S.C. § 1983.

## COUNT IV

### Plaintiff Yvonne Venson Against Van Woznicki, and Unknown Officers for Unlawful Seizure

36.     Plaintiffs hereby incorporate and reallege Paragraphs one (1) through

twenty-six (26) hereat as though fully set forth at this place.

37.     By reason of defendants' conduct, plaintiff was deprived of rights,

privileges and immunities secured to him by the Fourth Amendment to the Constitution

of the United States and laws enacted thereunder.

38.     The arbitrary intrusion by Defendants, into the security and privacy of

plaintiff's person was in violation of plaintiff's Fourth Amendment Rights. The

Defendant's detention and arrest of Plaintiff was without legal cause.  The foregoing was

unnecessary, unreasonable and excessive, and was therefore in violation of plaintiff's

rights. Therefore, Defendants and each of them are liable to plaintiff pursuant to 42

U.S.C. § 1983.


## COUNT V

**Plaintiff Kabaar Venson against Van Dorp, Balcerzak, Woznicki, Unknown Officers, and The City of Chicago for the Supplemental State Law Claim of  Malicious Prosecution**


39.     Plaintiffs hereby incorporate and reallege Paragraphs one (1) through

twenty-six (26) hereat as though fully set forth at this place.

40.     Defendants Van Dorp, Balcerzak, Woznicki, and Unknown Officers

caused a criminal prosecution to commence and/or continue against Plaintiff.

41.     Defendants Van Dorp, Balcerzak, Woznicki, and Unknown Officers, police

Officers employed by the Chicago Police Department maliciously commenced and

caused to be continued a criminal action against Plaintiff without probable cause for the

institution of these proceedings.  As a result, Plaintiff was injured emotionally,

financially, and otherwise from the loss of certain constitutionally protected liberty and

related rights.

42.     Defendants Van Dorp, Balcerzak, Woznicki and Unknown Officers

initiated, facilitated, and/or continued this malicious prosecution by the creation of false

evidence, by giving false police reports, preparing and signing false criminal complaints,

and/or by preparing false witness statements.

43.     The criminal proceedings were terminated in the plaintiff's favor.

44.   The City of Chicago is liable to Plaintiff for the acts of Defendants Van

Dorp, Balcerzak, Woznicki and Unknown Officers pursuant to the doctrine of *respondeat*

*superior*.

45.   Therefore, Defendants Van Dorp, Balcerzak, Woznicki and Unknown

Officers and the City of Chicago are liable under the supplemental state law claim of

Malicious Prosecution.

**COUNT VI**

**Plaintiff Yvonne Venson against Woznicki, Unknown Officers, and The City of
Chicago for the Supplemental
State Law Claim of Malicious Prosecution**

46.    Plaintiffs hereby incorporate and reallege Paragraphs one (1) through

twenty-six (26) hereat as though fully set forth at this place.

47.   Defendants Woznicki and/or Uknown Officers caused a criminal

prosecution to commence and/or continue against Plaintiff.

48.  Defendants Woznicki and/or Unknown Officers, police officers employed

by the Chicago Police Department, maliciously commenced and caused to be continued a

criminal action against Plaintiff without probable cause for the institution of these

proceedings.  As a result, Plaintiff was injured emotionally, financially, and otherwise

from the loss of certain constitutionally protected liberty and related rights.

49.  Defendants Woznicki and Unknown Officers initiated, facilitated, and/or

continued this malicious prosecution by the creation of false evidence, by giving false

police reports, preparing and signing false criminal complaints, and/or by preparing false

witness statements.

9

50. The criminal proceedings were terminated in the plaintiff's favor.

51. The City of Chicago is liable to Plaintiff for the acts of Woznicki and

Unknown Officers pursuant to the doctrine of *respondeat superior*.

52.  Therefore, Defendants Woznicki, Unknown Officers, and the City of Chicago

are liable under the supplemental state law claim of Malicious Prosecution.


**COUNT VII**
**Plaintiff Kabaar Venson Against Van Dorp, Balcerzak, Woznicki, Unknown**
**Officers and the City of Chicago For**
**The  Supplemental Claim Of BATTERY**

53.   Plaintiff hereby incorporates and realleges paragraphs one (1) through

twenty-six (26) hereat as though fully alleged at this place.

54.  Van Dorp, Balcerzak, Woznicki and/or Unknown Officers without any legal

cause, used force against Plaintiff's person.

55.  The use of force by Van Dorp, Balcerzak, Woznicki and/or Unknown Officers

against Plaintiff's person constituted a battery to Plaintiff.

56. As a result of the battery, plaintiff was injured physically, emotionally, and

otherwise.

57. The City of Chicago is liable to plaintiff for the acts of Van Dorp,

Balcerzak, Woznicki and/or Unknown Officers pursuant to the doctrine of *respondeat*

*superior.*

58. Therefore, Van Dorp, Balcerzak, Woznicki, Unknown Officers and

the City of Chicago are liable under the supplemental state law claim of Battery.

## COUNT VIII
### Plaintiff Yvonne Venson Against Woznicki, Unknown Officers, and the City of Chicago For
### The  Supplemental Claim Of BATTERY

59.    Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

60.  Woznicki and/or Unknown Officers without any legal cause, used force against Plaintiff's person.

61.  The use of force by Woznicki and/or Unknown Officers against Plaintiff's person constituted a battery to Plaintiff.

62. As a result of the battery, plaintiff was injured physically, emotionally, and otherwise.

63. The City of Chicago is liable to plaintiff for the acts of Woznicki and Unknown Officers pursuant to the doctrine of *respondeat superior.*

64. Therefore, Woznicki, Unknown Officers, and the City of Chicago are liable under the supplemental state law claim of Battery.


WHEREFORE, the Plaintiffs,YVONNE VENSON, and ABDULLAH VENSON as father and guardian of KAABAR VENSON, a minor, by and through their attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.      That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2.      That the Defendants be required to pay Plaintiffs' special damages;

3.      That the Defendants, other than the City of Chicago, be required to pay

Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code,

the Equal Access to Justice Act or any other applicable provision;

4.      That the individual Defendants, other than the City of Chicago, be

required to pay punitive and exemplary damages in a sum to be ascertained;

5.      That the Defendants be required to pay Plaintiffs' costs of the suit herein

incurred; and

6.      That Plaintiffs have such other and further relief as this Court may deem

just and proper.


                                        /s/Garrett Browne_____

            **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                         _/s/GarrettBrowne_____


ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com


12