**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| YVONNE VENSON, individually and ABDULLA VENSON as father and Guardian of KAABAR VENSON, a minor, | ) ) ) | No. 07 C 5919 |
| Plaintiffs, | ) | Judge Kendall |
| v. | ) ) | |
| Sgt. Woznicki, Star No. 1724, T. Van Dorp, Star No. 12148, S. Balcerzak, Star No. 11133 and UNKNOWN AND UNNAMED CHICAGO POLICE OFFICERS, Individually; and City of Chicago, | ) ) ) ) ) ) | Magistrate Judge Brown |
| Defendants. | ) | Jury Demand |

**DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND**
**TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants, City of Chicago, and Chicago Police Officers, Woznicki, Van Dorp, and

Balcerzak (collectively "Defendants"), submit the following answer, defenses and jury demand

on behalf of themselves to Plaintiffs' Third Amended Complaint, and make no answer on behalf

of unknown or unnamed defendants:

1.      This action arises under the United States Constitution and the Civil Rights Act of
1871 [42 U.S.C. § 1983]. This court has jurisdiction under and by virtue of and 28 U.S.C.
Sections 1343 and 1331, and 1367.

**ANSWER:**   **Defendants admit that this Court has jurisdiction over this matter,**

**but deny that Plaintiffs state viable claims against these Defendants.**

2.      Venue is founded upon 28 U.S.C. §1391, as the acts complained of arose in this
district.

**ANSWER:**     **Defendants admit that venue is proper before this Court, but deny**

**that Plaintiffs state viable claims against these Defendants.**

**PARTIES**

3.      At all times herein mentioned, plaintiff YVONNE VENSON ("YVONNE") was
and now is a citizen of the United States and resides within the jurisdiction of this Court.

**ANSWER:** **Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

4. ABDULLAVENSON is the father and guardian of KAABAR VENSON, a minor and he is suing on behalf of KAABAR VENSON.

**ANSWER:** **Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

5. At all times herein mentioned, plaintiff KAABAR VENSON ("KAABAR") was and now is a citizen of the United States and resides within the jurisdiction of this Court. KAABAR is a minor born on December 31, 1993.

**ANSWER:** **Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

6. At all times herein mentioned, Defendant Sergeant Woznicki ("Woznicki"), star no. 1724, was a member of the City of Chicago Police Department and in doing the things alleged below, was acting under of state law and as the employee, agent or representative of the City of Chicago. This defendants (sic) is being sued in their individual/personal capacity.

**ANSWER:** **Defendants admit that at all relevant times during their encounter with Plaintiffs on March 23, 2007, they were employed as police officers by the City of Chicago, acting within the scope of their employment and under color of law, but deny that Plaintiffs state any viable claims against these Defendants.**

7. At all times herein mentioned, Defendant T. Van Dorp ("Van Dorp"), star no. 12148, was a member of the City of Chicago Police Department and in doing the things alleged below, was acting under of state law and as the employee, agent or representative of the City of Chicago. This defendants is being sued in their individual/personal capacity.

**ANSWER:** **Defendants admit that at all relevant times during their encounter with Plaintiffs on March 23, 2007, they were employed as police officers by the City of Chicago, acting within the scope of their employment and under color of law, but deny that Plaintiffs state any viable claims against these Defendants.**

8. At all times herein mentioned, Defendant S. Balcerzak ("Balcerzak"), star no. 11133, was a member of the City of Chicago Police Department and in doing the things alleged

below, was acting under of state law and as the employee, agent or representative of the City of Chicago. This defendants is being sued in their individual/personal capacity.

**ANSWER:** **Defendants admit that at all relevant times during their encounter with Plaintiffs on March 23, 2007, they were employed as police officers by the City of Chicago, acting within the scope of their employment and under color of law, but deny that Plaintiffs state any viable claims against these Defendants.**

9.     At all times herein mentioned UNKNOWN AND UNNAMED CHICAGO POLICE OFFICERS ("unnamed officers") were members of the City of Chicago Police Department, and in doing all the things alleged below, were acting under color of state law and as the employees, agents or representatives of the City of Chicago. These defendants are being sued in their individual/ personal capacity.

**ANSWER:** **Defendants make no answer on behalf of unknown and unnamed Chicago Police Officers and are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph as to unknown and unnamed Chicago Police Officers.**

10.     At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**ANSWER:** **Defendants admit the City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and that the Chicago Police Department is operated by the City of Chicago. Defendants are without sufficient information or knowledge to form a belief as to the meaning of "a political division of the State of Illinois."**

## FACTUAL ALLEGATIONS

### YVONNE VENSON

11.     On or about March 23, 2007, in the vicinity of Jenner Elementary School at 1119 N. Cleveland, Chicago, Illinois, Plaintiff YVONNE VENSON asked defendant Woznicki and/or unknown officers about and (sic) incident that had occurred that involved a family member.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown**

officers, Defendants state as follows: Srgt. Woznicki admits that on March 23, 2007, in the vicinity of Jenner Elementary School she encountered Yvonne Venson trying to push her way into an area where students were brawling, but lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph. Officers Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.

12.     Officer Woznicki and/or unknown officers struck YVONNE VENSON.

**ANSWER:**     **Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows: Srgt. Woznicki denies the allegations stated in this paragraph. Officers Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph, but deny they had any physical contact with Yvonne Venson.**

13.     YVONNE VENSON had not engaged in any actions that required any police officers to use any physical force against her.

**ANSWER:**     **Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows: Srgt. Woznicki denies the allegations stated in this paragraph, as Yvonne Venson was restrained from entering the area where students were brawling. Officers Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph, but deny they had any physical contact with Yvonne Venson.**

14.     YVONNE VENSON was then arrested.

**ANSWER:**     **Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows: Srgt. Woznicki denies Yvonne was arrested, but admits Yvonne was served with an administrative notice of ordinance violation. Officers**

**Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

15.     YVONNE VENSON had not engaged in any criminal acts prior to arrest and the defendants did not have any information that could have led the arresting officers to believe that she had engaged in any criminal acts.

**ANSWER:    Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows:  Srgt. Woznicki denies Yvonne was arrested, but admits Yvonne was served with an administrative notice of ordinance violation and further denies this citation was without legal cause.  Officers Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

16.     Defendant Woznicki charged YVONNE VENSON with the crime of disorderly conduct.

**ANSWER:    Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows:  Srgt. Woznicki admits Yvonne Venson was issued a citation for vioaltion of 8-4-010-C.  Officers Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

17.     All of the above acts directed toward YVONNE VENSON were unnecessary, unreasonable and done without probable or other legal cause.

**ANSWER:    Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows:  Srgt. Woznicki denies the allegations stated in this paragraph.  Officers Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph, but deny they had any involvement with Yvonne Venson.**

18.     The criminal prosecution of YVONNE VENSON was later terminated in her favor.

**ANSWER:** **Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

**KAABAR VENSON**

19.     After Woznicki and/or unknown officers struck YVONNE VENSON Plaintiff KAABAR VENSON  came to her side.  Thereafter, Defendants Woznicki, Van Dorp, Balcerzak, and/or unknown officers used unreasonable force on KAABAR VENSON and pushed him into a police van.  Defendants Woznicki, Van Dorp, Balcerzak, and/or unknown officers handcuffed, arrested and used unreasonable force on KAABARVENSON.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows:  Srgt. Woznicki denies the allegations stated in this paragraph.  Officers Van Dorp and Balcerzak admit Kaabar was placed in a police vehicle for transport to the 18th District and that they prepared paper work related to Kaabar, but deny the remaining allegations contained in this paragraph.**

20.     KAABAR VENSON had not engaged in any criminal acts prior to his Arrest and the defendants did not have any information that could have led the arresting officers to believe that he had engaged in any criminal acts.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants deny the allegations asserted in this paragraph.**

21.     KAABAR VENSON had not engaged in any actions that required any police officers to use any physical force against him.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants deny they used any physical force against Kaabar Venson.**

22.     Defendants charged KAABAR VENSON with the crime of mob action.  However KAABAR VENSON had not committed the crime of mob action and defendants were not in possession of any information that could have led them to believe that KAABAR VENSON had committed the crime of mob action.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows:  Defendants admit Kaabar Venson was charged as a**

**juvenile with violation of 720 ILCS 5.0/25-1-A-2 and deny the remaining allegations of this**

**paragraph.**

23.     All of the above acts directed toward KAABAR were unnecessary, unreasonable and done without probable or other legal cause.

**ANSWER:     Answering only for themselves and not for any unnamed or unknown**

**officers, Defendants deny the allegations asserted in this paragraph.**

24.     The criminal prosecution of KAABAR was later terminated in his favor.  By reason of the above-described acts and omissions of Defendants, Plaintiffs and each of them sustained injuries including, but not limited to, bruises and abrasions, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

**ANSWER:     Answering only for themselves and not for any unnamed or unknown**

**officers, Defendants are without sufficient information or knowledge to form a belief as to**

**the truth of the matters asserted in this paragraph with regard to the outcome of the**

**misdemeanor charges against Kaabar.  Answering further, Defendants deny they caused**

**Plaintiffs any injury as alleged in this paragraph.**

25.     The aforementioned acts of  Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:     Answering only for themselves and not for any unnamed or unknown**

**officers, Defendants deny the allegations asserted in this paragraph.**

26.     By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights.  By reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:     Answering only for themselves and not for any unnamed or unknown**

**officers, Defendants deny they caused Plaintiffs any compensable injury as alleged in this**

paragraph.

## COUNT I
### Plaintiff Kabaar Venson Against Van Dorp, Balcerzak, Woznicki, and Unknown Officers for Excessive Force

27.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

**ANSWER:     Defendants reassert their answers to paragraphs 1 through 26 as**

**though fully set forth herein.**

28.     By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:     Answering only for themselves and not for any unnamed or unknown**

**officers, Defendants deny the allegations set forth in this paragraph.**

29.     The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights.  Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force.  Therefore the Individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:     Answering only for themselves and not for any unnamed or unknown**

**officers, Defendants deny they caused Plaintiffs any compensable injury as alleged in this**

**paragraph.**

## COUNT II
### Plaintiff Yvonne Venson Against Woznicki, and Unknown Officers for Excessive Force

30.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

**ANSWER:     Defendants reassert their answers to paragraphs 1 through 26 as**

**though fully set forth herein.**

31.     By reason of defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**    Answering only for themselves and not for any unnamed or unknown

officers, Defendants deny the allegations set forth in this paragraph.

32.    The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights.  Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force.  Therefore the Individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    Answering only for themselves and not for any unnamed or unknown

officers, Defendants deny they caused Plaintiffs any compensable injury as alleged in this

paragraph.

## COUNT III
### Plaintiff Kaabar Venson Against Van Dorp, Balcerzak, Woznicki, and Unknown Officer for Unlawful Seizure

33.    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

**ANSWER:**    Defendants reassert their answers to paragraphs 1 through 26 as

though fully set forth herein.

34.    By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**    Answering only for themselves and not for any unnamed or unknown

officers, Defendants deny the allegations set forth in this paragraph.

35.    The arbitrary intrusion by Defendants, into the security and privacy of plaintiff's person was in violation of plaintiff's Fourth Amendment Rights.  The Defendants detention and arrests of Plaintiff was without legal cause.  The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of plaintiff's rights.  Therefore, Defendants and each of them are liable to plaintiff pursuant to 42 U.S.C.§ 1983.

**ANSWER:**    Answering only for themselves and not for any unnamed or unknown

officers, Defendants deny they caused Plaintiffs any compensable injury as alleged in this

paragraph.

## COUNT IV
### Plaintiff Yvonne Venson Against Van Woznicki, and
### Unknown Officers for Unlawful Seizure

36.     Plaintiffs hereby incorporate and re-allege paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

**ANSWER:     Defendants reassert their answers to paragraphs 1 through 26 as though fully set forth herein.**

37.     By reason of defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:     Answering only for themselves and not for any unnamed or unknown officers, Defendants deny the allegations set forth in this paragraph.**

38.     The arbitrary intrusion by Defendants, into the security and privacy of plaintiff's person was in violation of plaintiff's Fourth Amendment Rights. The Defendants detention and arrests of Plaintiff was without legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of plaintiff's rights. Therefore, Defendants and each of them are liable to plaintiff pursuant to 42 U.S.C.§ 1983.

**ANSWER:     Answering only for themselves and not for any unnamed or unknown officers, Defendants deny they caused Plaintiffs any compensable injury as alleged in this paragraph.**

## COUNT V
### Plaintiff Kabaar Venson Against Van Dorp, Balcerzak, Woznicki, Unknown Officers, and
### The City of Chicago for the Supplemental State Claim of Malicious Prosecution

39.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

**ANSWER:     Defendants reassert their answers to paragraphs 1 through 26 as though fully set forth herein.**

40.     Defendants Van Dorp, Balcerzak, Woznicki, and Unknown Officers caused a criminal prosecution to commence and/or continue against Plaintiff.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants deny the allegations contained in this paragraph.**

41. Defendants Van Dorp, Balcerzak, Woznicki, and Unknown Officers, police Officers employed by the Chicago Police Department maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants deny the allegations contained in this paragraph.**

42. Defendants Van Dorp, Balcerzak, Woznicki, and Unknown Officers initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or preparing false witness statements.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants deny the allegations contained in this paragraph.**

43. The criminal proceedings were terminated in plaintiff's favor.

**ANSWER:** **Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

44. The City of Chicago is liable to Plaintiff for the acts of Defendants Van Dorp, Balcerzak, Woznicki, and Unknown Officers pursuant to the doctrine of *respondeat superior*.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants admit that according to Illinois law, under certain circumstances, an employer may be held responsible for the actions of its employees; however, Defendants deny this paragraph contains a complete or accurate statement of the law and further deny they committed any compensable action against Plaintiffs.**

45. Therefore, Defendants Van Dorp, Balcerzak, Woznicki, and Unknown Officers and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown**

officers, Defendants deny Plaintiffs have stated any compensable claim against them.

### COUNT VI
### Plaintiff Yvonne Venson against Woznicki, Unknown Officers, and
### The City of Chicago for the Supplemental State Law Claim of Malicious Prosecution

46.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

**ANSWER:     Defendants reassert their answers to paragraphs 1 through 26 as**

**though fully set forth herein.**

47.     Defendants Woznicki, and/or Unknown Officers caused prosecution to commence and/or continue against Plaintiff.

**ANSWER:     Answering only for themselves and not for any unnamed or unknown**

**officers, Defendants state as follows:  Srgt. Woznicki denies the allegations stated in this**

**paragraph.   Officers Van Dorp and Balcerzak are without sufficient information or**

**knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

48.     Defendants Woznicki, and Unknown Officers, police officers employed by the Chicago Police Department, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings.  As a result Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:     Answering only for themselves and not for any unnamed or unknown**

**officers, Defendants state as follows:  Srgt. Woznicki denies the allegations stated in this**

**paragraph.   Officers Van Dorp and Balcerzak are without sufficient information or**

**knowledge to form a belief as to the truth of the matters asserted in this paragraph, but**

**deny they had any involvement with Yvonne Venson.**

49.     Defendants Woznicki, and Unknown Officers initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or preparing false witness statements.

**ANSWER:**    **Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows:  Srgt. Woznicki denies the allegations stated in this paragraph.    Officers Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph, but deny they had any involvement with Yvonne Venson.**

50.    The criminal proceedings were terminated in plaintiff's favor.

**ANSWER:**    **Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.**

51.    The City of Chicago is liable to Plaintiff for the acts of, Woznicki and Unknown Officers pursuant to the doctrine of *respondeat superior*.

**ANSWER:**    **Answering only for themselves and not for any unnamed or unknown officers, Defendants admit that according to Illinois law, under certain circumstances, an employer may be held responsible for the actions of its employees; however, Defendants deny this paragraph contains a complete or accurate statement of the law and further deny they committed any compensable action against Plaintiffs.**

52.    Therefore, Woznicki, and Unknown Officers and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

**ANSWER:**    **Answering only for themselves and not any unnamed or unknown officers, Defendants deny Plaintiffs have stated any compensable claim against them.**

### COUNT VII
### Plaintiff Kabaar Venson against Van Dorp, Balcerzak, Woznicki, Unknown Officers, and the City of Chicago for the Supplemental Claim of BATTERY

53.    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

**ANSWER:**    **Defendants reassert their answers to paragraphs 1 through 26 as though fully set forth herein.**

54.    Van Dorp, Balcerzak, Woznicki, and/or Unknown Officers without any legal

cause, used force against Plaintiff's person.

**ANSWER:** **Answering only for themselves and not any unnamed or unknown officers, Defendants deny they caused any injury to Plaintiff as alleged in this paragraph.**

55. The use of force by Van Dorp, Balcerzak, Woznicki, and/or Unknown Officers against Plaintiff's person constituted a battery to Plaintiff.

**ANSWER:** **Answering only for themselves and not any unnamed or unknown officers, Defendants deny they caused any injury to Plaintiff as alleged in this paragraph.**

56. As a result of the battery, plaintiff was injured physically, emotionally, and otherwise.

**ANSWER:** **Answering only for themselves and not any unnamed or unknown officers, Defendants deny they caused any injury to Plaintiff as alleged in this paragraph.**

57. The City of Chicago is liable to Plaintiff for the acts of, Van Dorp, Balcerzak, Woznicki and Unknown Officers pursuant to the doctrine of *respondeat superior*.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants admit that according to Illinois law, under certain circumstances, an employer may be held responsible for the actions of its employees; however, Defendants deny this paragraph contains a complete or accurate statement of the law and further deny they committed any compensable action against Plaintiffs.**

58. Therefore, Van Dorp, Balcerzak, Woznicki and Unknown Officers and the City of Chicago are liable under the supplemental sate law claim of Battery.

**ANSWER:** **Answering only for themselves and not any unnamed or unknown officers, Defendants deny Plaintiffs have stated any compensable claim against them.**

### COUNT VII
**Plaintiff Yvonne Venson against Woznicki, Unknown Officers, and the City of Chicago for the Supplemental Claim of BATTERY**

59. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

**ANSWER:** **Defendants reassert their answers to paragraphs 1 through 26 as though fully set forth herein.**

60.     Woznicki, and/or Unknown Officers without any legal cause, used force against Plaintiff's person.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows: Srgt. Woznicki denies the allegations stated in this paragraph. Officers Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph, but deny they had any involvement with Yvonne Venson.**

61.     The use of force by Woznicki, and/or Unknown Officers against Plaintiff's person constituted a battery to Plaintiff.

**ANSWER:** **Answering only for themselves and not for any unnamed or unknown officers, Defendants state as follows: Srgt. Woznicki denies the allegations stated in this paragraph. Officers Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph, but deny they had any involvement with Yvonne Venson.**

62.     As a result of the battery, plaintiff was injured physically, emotionally, and otherwise.

**ANSWER:** **Answering only for themselves and not any unnamed or unknown officers, Defendants state as follows: Srgt. Woznicki denies she caused any injury to Plaintiffs as alleged in this paragraph. Officers Van Dorp and Balcerzak are without sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph, but deny they had any involvement with Yvonne Venson.**

63.     The City of Chicago is liable to plaintiff for the acts of Woznicki and Unknown Officers pursuant to the doctrine of *respondeat superior*.

**ANSWER:** **Answering only for themselves and not for any unnamed or**

-15-

**unknown officers, Defendants admit that according to Illinois law, under certain circumstances, an employer may be held responsible for the actions of its employees; however, Defendants deny this paragraph contains a complete or accurate statement of the law and further deny they committed any compensable action against Plaintiffs.**

64.    Therefore, Woznicki and Unknown Officers and the City of Chicago are liable under the supplemental sate law claim of Battery.

**ANSWER:**    **Answering only for themselves and not any unnamed or unknown officers, Defendants deny Plaintiffs have stated any compensable claim against them.**

## AFFIRMATIVE DEFENSES

1.    Defendant Officers were and are government officials (police officers) who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Third Amended Complaint, a reasonable police officer, objectively viewing the facts and circumstances that confronted the Defendants, could have believed their actions to be lawful in light of clearly established law and the information the Defendants possessed.  Therefore, they are entitled to qualified immunity.

2.    As to all state law claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202 (2002).

3.    As to all state law counts, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision to detain, question, search and arrest, based upon the information and circumstances known to Defendants at the time, was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201 (2002).

4.     As to all state law claims, under the Illinois tort immunity law, Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2002).

5.     Where Defendants may be liable in damages, the amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of the principles of comparative fault, in proportion to the amount of the intentional, willful and wanton and negligent conduct of Plaintiffs, which was the proximate cause of his/her injuries and damages.

6.     At the time of the actions alleged in Plaintiffs' Amended Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces Plaintiffs' recovery according to his/her contributory negligence and bars his/her recovery entirely when a plaintiff is more than fifty percent (50%) responsible for  the proximate cause of the injury or damage for which recovery is sought.

7.     To the extent Plaintiffs failed to mitigate any of his/her claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

8.     Plaintiff's state law claims against Defendants Van Dorp and Balcerzak for battery and malicious prosecution are barred by the one year statute of limitations applicable to these defendants who are municipal employees.

9.     Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2004).

## JURY DEMAND

The Defendants request trial by jury.

WHEREFORE, Defendants City of Chicago and Chicago Police Officers, Woznicki, Van

Dorp, and Balcerzak, pray that this Court enter judgment in their favor on Plaintiffs' Third

Amended Complaint, award Defendants such fees and costs as allowed by law, and grant such

further relief as this Court deems just and proper.

Respectfully submitted,

By:    s/ Patricia J. Kendall
        PATRICIA KENDALL
        Assistant Corporation Counsel
        Attorney for Defendants City of Chicago,
        Woznicki, Van Dorp and Balcerzak

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-5170
(312) 744-6566 (Fax)
Atty. No.: 06195253

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing
**DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFFS'
THIRD AMENDED COMPLAINT** to be sent by the court's efile notice system to all attorneys
of record on this 29th day of July, 2009.

    s/ Patricia J. Kendall