IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE VENSON, individually, and ABDULLAH VENSON as father and Guardian of K. V., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>Sgt. Woznicki, Star No. 1724, Individually; and City of Chicago<br><br>**Defendants.** | Case No. 07 C 5919<br><br>**JUDGE KENDALL** |

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Now come the plaintiffs and for their objections to defendants' proposed jury instructions they state as follows:

### WILLFUL AND WANTON CONDUCT

Plaintiffs object to defendants' proposed jury instructions 4 and 5. In these instructions the defendants seek to insert an additional element for plaintiffs to prove. Specifically, defendants' proposed instructions would require plaintiffs to prove that defendant Woznicki's acts were willful and wanton. However, the legal concept of willful and wanton conduct has no place in this litigation. Plaintiffs allege that defendant Woznicki engaged in the intentional tort of malicious prosecution. Under Illinois law "willful and wanton misconduct is a hybrid between acts considered negligent and those found to be intentionally tortuous." *Krivitskie v. Cramlett*, 301 Ill.App. 3d. 705, 708 (2nd Dist. 1998) (explaining that "willful and wanton misconduct is essentially an aggravated form of negligence..."). Therefore, because plaintiff is alleging intentional acts it would be improper and confusing to introduce a negligence element to the jury instructions.

During the final pretrial conference defense counsel took the position that it was necessary to instruct the jury as to willful and wanton conduct because under the Illinois

1

Tort Immunity Act police officers can only be held liable if their conduct is found to be willful and wanton. However, Illinois courts are clear that if a defendant is found to have engaged in an intentional act this satisfies the willful and wanton requirement. *See e.g., Ziarko v. Soo Line R. Co.*, 161 Ill.2d 267, 274, 641 N.E.2d 402, 406 ("It is well established that willful and wanton acts may be found where the tortuous conduct was intentional.") Thus, there is no need to instruct the jury as to the concept of willful and wanton conduct. Moreover, refusing to instruct the jury on willful and wanton conduct would not cause prejudice to the defendants because the jury will be instructed that plaintiff must prove that defendant Woznicki acted intentionally. This is a higher legal hurdle than willful and wanton conduct which can include unintentional acts.

Additionally, plaintiffs respectfully submit that instructing the jury only as to intentional acts is far easier for a layperson to understand than also giving them an unnecessary instruction on willful and wanton conduct – a concept that courts have struggled to clearly define.

## FAVORABLE TERMINATION OF CRIMINAL PROCEEDINGS

As discussed during the Final Pretrial Conference plaintiffs also object to defendants' proposed jury instruction number four (4) on the basis that it improperly adds the phrase "manner indicating his innocence" in the third numbered paragraph. Plaintiffs proposed their own instruction (Plaintiffs' Proposed Instruction No. 1) based upon Illinois Pattern Jury Instruction 42.02 that describes this element as "the proceedings terminated in favor of plaintiffs." Plaintiffs' description of this element is nearly identical to that used by several other courts in this district. For example, in *Trusty v. Mccall*, 1999 WL 787628 at *2 (N.D. IL. 1999), the court stated that "in order to establish a cause of action for malicious prosecution under Illinois law, a plaintiff must show ...(2) the termination of the proceeding in the plaintiff's favor." Citing *Hahn v. Village of Downers Grove,* No. 98 C 7281, 1999 WL 167036,*3 (N.D.Ill. Mar. 19, 1999); *Serfecz v. Jewel Food Stores,* 67 F.3d 591, 602 (7th Cir.1995), *cert. denied,* 516 U.S. 1159, 116 S.Ct. 1042, 134 L.Ed.2d 189 (1996).

2

Likewise, several other courts phrased this element the same way. *See e.g., Salley v. Schmitz*, 1995 WL 143554 at *1-2 (N.D.IL. 1995); Cavazoa v. Voorhies, 2002 WL 31017492, *7 (N.D. Il. 2002). Additionally, plaintiffs' proposed instruction based upon IPI instruction 42.02 was recently given to a jury in *Meeks v. City of Chicago, et al.*, Case No. 08 C 6469. In that case it was Judge St. Eve who advised the parties about the existence of IPI instruction 42.02 on malicious prosecution, and the fact that it is apparently only available via lexis. Plaintiff's counsel has attempted to locate a copy of the IPI instruction provided by Judge St. Eve, but has been unable to find it. However, attached hereto is a copy of the instructions actually read to the jury in the *Meeks* case in February, 2010. These instructions set forth the elements of a malicious prosecution claim, and provide a definition of "favorable termination." It is plaintiffs' position that this Court should give the same jury instructions in this case.

Defendants' insistence on using the phrase "indicative of innocence" is misplaced. That phrase is not one of the required elements of the cause of action, but rather a phrase that has been used when there is a dispute over how a criminal case ended. For example, in cases where there was a plea of guilty as to one charge in exchange for dismissing other charges. In this case there is no dispute over how the cases against the plaintiffs were dismissed. Both cases were dismissed when no police officer attended any court hearing to testify against either plaintiff. Moreover, to require plaintiffs' to prove actual innocence is a far higher burden than is required by the agreed portions of this instruction which advise the jury that plaintiffs need only prove a lack of probable cause. No Illinois court has required a plaintiff to prove actual innocence in order to sustain a malicious prosecution claim.

WHEREFORE, in view of the foregoing plaintiff respectfully requests this honorable court to reject defendant's proposed jury instructions four (4) and five (5).

Respectfully submitted,

By:/s/Garrett Browne

3

ED FOX & ASSOCIATES
Suite 330
300 W. Adams
Chicago, IL. 60606
(312) 345-8877

4

In order for Plaintiff to prevail on his malicious prosecution claim, Plaintiff has the burden of providing the following propositions:

(1) That Defendant Ramaglia commenced a criminal proceeding against Plaintiff.

(2) That Defendant Ramaglia commenced such a proceeding against Plaintiff without probable cause.

(3) That Defendant Ramaglia acted with malice.

(4) That the proceeding terminated in favor of Plaintiff.

(5) That Plaintiff suffered damages as a result.

I will explain each of these propositions to you.

If you find from your consideration of all of the evidence that each of the propositions required of Plaintiff has been proved by a preponderance of the evidence, then your verdict on the malicious prosecution claim should be for Plaintiff. If, on the other hand, you find from your consideration of all of the evidence that any one of the propositions Plaintiff is required to prove has not been proved by a preponderance of the evidence, then your verdict should be for Defendant Ramaglia.

Let me explain what "favorable termination" means. A criminal charge against an individual is terminated in favor of that person if the circumstances surrounding abandonment of the criminal proceedings creates an inference that there was a lack of probable cause to pursue the criminal prosecution.

24