IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE VENSON, individually, and ABDULLAH VENSON as father and Guardian of K. V., a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> Sgt. Woznicki, Star No. 1724, Individually; and City of Chicago <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. 07 C 5919 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) JUDGE KENDALL <br> ) <br> ) |

**MOTION FOR THE COURT TO DECLARE WHETHER PLAINTIFF'S TREATING PHYSICIAN IS ENTITLED TO A WITNESS FEE IN EXCESS OF THE AMOUNT <u>PERMITTED BY STATUTE</u>**

NOW COMES the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, and moves this Honorable Court to declare whether plaintiff's treating physician is entitled to a witness fee in excess of the amount provided by statute, and in support of this motion states the following:

1. The trial of this matter began on July 5, 2010, and concluded on July 9, 2010.

2. In preparation for trial plaintiffs' counsel served a trial subpoena on the minor plaintiff's treating physician, Dr. Steven Zahn on June 20, 2010, that included a check in an amount permitted by statute.

3. Dr. Zahn cooperated with the subpoena and testified during the trial.

4. In a letter dated July 9, 2010, but not received by plaintiffs' counsel until July 26, 2010, Dr. Zahn's attorney seeks payment in the amount of $550. This is the first time that plaintiff's counsel became aware that Dr. Zahn intended to seek payment of any amount above what is permitted by statute. A copy of the letter is attached hereto as Exhibit A.

5. Neither Dr. Zahn nor his attorney ever served any written objections to the subpoena before the date of required compliance or within 14 days of service on June 20, 2010. Thus, any potential claim for additional compensation may have been waived pursuant to Rule 45 of the Federal Rules of Civil Procedure. Plaintiff submits that on this basis alone, the Court

1

could hold that Dr. Zahn has waived his right to request any fee beyond standard witness fee required by statute. If the Court determines that this right has not been waived, whether such a right exists in these circumstances is unclear.

6. Rule 45 of the Federal Rules of Civil Procedure requires that in order for a subpoena to be valid it must be served with payment of a fee for attendance and mileage. 28 U.S.C.A. § 1821 specifies that a "witness shall be paid an attendance fee of $40 per day for each day's attendance." The trial subpoena for Dr. Zahn was accompanied by a check for $45.00.

7. The Seventh Circuit Court of Appeals has not ruled on whether treating physicians that do not testify as retained opinion witnesses are entitled to a witness fee beyond what is provided for by statute. Moreover, the courts in this district that have considered this issue are split on what the law allows.

8. The decisions from this district that have held that treating physicians are not entitled to a fee beyond what is provided for by statute have reasoned that the statute does not carve out any special treatment for physicians who have not been designated as retained opinion (expert) witnesses. *See e.g. Demar v. U.S.*, 199 F.R.D. 617, 618-619 (N.D.IL. 2001) (collecting cases and acknowledging split in authority); *Rodriguez v. City of Chicago*, 2009 WL 2413750, *2 (N.D.IL. 2009).

9. In contrast, other courts have held that when a treating physician is designated as a non-retained opinion witness they are "experts" that are entitled to a "reasonable fee" pursuant to Rule 26(b)(4) of the Federal Rules of Civil Procedure. *See e.g. Hoover v. U.S.*, 2002 WL 1949734, *2-6, (N.D. IL. 2002); *Weinberg v. Minnesota Mutual Life Ins.*, 2002 WL 31749180, *1-2, (N.D.IL. 2002). The Advisory Committee notes to the 1993 amendments to Rule 26(2) indicate that for "convenience" the term "expert" refers to "those persons who will testify under Rule 702 of the Federal Rules of Evidence, but that the requirement of a written report "applies only to those experts who are retained or specially employed" to provide testimony. However, the Committee Notes also specifically state "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."

10. Plaintiff's counsel disclosed Dr. Zahn as a non-retained opinion witness pursuant to Rule 26(a)(2)(A) because he is plaintiff's treating physician. Plaintiff's counsel did not elicit any testimony from Dr. Zahn beyond the scope of his treatment of plaintiff. Plaintiff has not obtained any written report from Dr. Zahn. This disclosure was in accordance with the Seventh

2

Circuit's decision in *Musser v. Gentiva Health Services,* 356 F.3d 751, 756-757 (7th Cir. 2004). The *Musser* decision addressed the issue of what disclosures are required for treating physicians, and acknowledged that treating physicians can be both fact and, depending upon the substance of their testimony, opinion witnesses under Rule 702 of the Federal Rules of Evidence. The *Musser* decision also states that if a treating physician is to provide opinion testimony beyond the scope of treatment a written expert report must be disclosed.

11. Rule 26(b)(4) of the Federal Rules of Civil Procedure states that the court must require the party seeking discovery to pay a reasonable fee for "time spent in responding to discovery under Rule 26(b)(4)(A)or (B)." Rule 26(b)(4)(A) and (B) does not specify whether this reasonable fee requirement applies to non-retained opinion witnesses. However, Rule 26(b)(4)(A) does indicate that it applies to "any person who has been identified as an expert whose opinion may be presented at trial." It is unclear if this language would apply to Dr. Zahn in this litigation[1]. *See, Hoover v. U.S.,* 2002 WL 1949734, *2-6, (N.D. IL. 2002).

12. If this Court determines that Dr. Zahn must be paid a "reasonable fee" plaintiffs respectfully submit that Dr. Zahn should be required to provide documentation of his likely actual loss of income, and that should serve as the basis for a "reasonable fee."

WHEREFORE, plaintiff respectfully requests that the Court declare the following:
1. Whether Dr. Steven Zahn has waived his right to seek a "reasonable fee";
2. Whether Dr. Steven Zahn is entitled to a "reasonable fee";
3. The amount, if any, of Dr. Steven Zahn's reasonable fee;

Respectfully submitted,

By: /s/ Garrett Browne
Garrett Browne
ED FOX & ASSOCIATES
300 W. Adams Street, Suite 330
Chicago, IL 60606
(312) 345-8877

---

[1] The Court's ruling on this issue will determine not just Dr. Zahn's right to a reasonable fee now, but also plaintiff's ability to recover that fee from defendants in their forthcoming petition for attorneys' fees and costs.

3

**EXHIBIT A**

# BAKER & ENRIGHT
ATTORNEYS AT LAW
33 WEST JACKSON BOULEVARD
THIRD FLOOR
CHICAGO, ILLINOIS 60604
(312) 663-9600

ROBERT S. BAKER
RUTH V. ENRIGHT
PATRICK J. VEZINO

RYAN C. EVANS
KYLE STONE

TELECOPIER (312) 663-9647

FILE NO.

7177

RECEIVED JUL 2 6 2010

July 9, 2010

Garrett W. Browne
Ed Fox & Associates
30 West Adams Street, Suite 330
Chicago, IL 60606

    Re:    <u>Yvonne Venson, et al. vs. Cano, et al.</u>

Dear Mr. Browne:

    I thank you for all of your cooperation in scheduling the trial testimony of Dr. Zahn. Towards that end, please provide me with a check made payable to Dr. Zahn in the amount of $550.00 for an hour of his time in preparing and testifying in this matter. Should you have any questions regarding the foregoing, please feel free to contact me.

        Very Truly Yours,

        BAKER & ENRIGHT

By:        *Patrick Vezino*
        Patrick J. Vezino

PJV:gam

**ClientCaseID:** BROWNE,GARRE
**Law Firm ID:** FOXED


*266566A*

**CaseReturnDate:** 7/7/10

Affidavit of Special Process Server

## UNITED STATES DISTRICT COURT

Case Number **07C5919**

**I, LAMONT W. LEE**

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. CHICAGO IL 60606 LICENSED BY THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION.

## PERSONAL SERVICE

THAT I SERVED THE WITHIN    **SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION**

ON THE WITHIN NAMED DEFENDANT    **DR. STEVEN ZAHN**
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT PERSONALLY    **6/20/10**

That the sex, race and approximate age of the person whom I left the document(s) are as follow:    **Sex** MALE    **Race** WHITE    **Age** 30

**Height** 5'10    **Build** MEDIUM    **Hair** BLACK

**LOCATION OF SERVICE**    **1322 S PRAIRIE AVE UNIT 1401 CHICAGO, IL, 60605**

Date Of Service    **6/20/10**    Time of Service    **8:12 AM**

LAMONT W. LEE    6/21/2010
**Special Process Server**
P.E.R.C.#129-210256

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

Total:    $55.00